O

# United States District Court
# Central District of California

| | |
|---|---|
| MANUEL GUEVARA,<br><br>    Plaintiff,<br><br>  v.<br><br>THE RITZ-CARLTON HOTEL COMPANY, LLC,<br><br>    Defendant. | Case № 2:21-cv-09792-ODW (MARx)<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT [26]** |

## I. INTRODUCTION

Plaintiff Manuel Guevara, proceeding pro se, brings suit against Defendant the Ritz-Carlton Hotel Company, LLC ("Ritz-Carlton") for alleged violations of the Americans with Disabilities Act ("ADA"). (*See* Am. Compl. ("FAC"), ECF No. 23.) Ritz-Carlton now moves to dismiss this action for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot. Dismiss ("Motion" or "Mot."), ECF No. 26.) The Motion is fully briefed. (Opp'n, ECF Nos. 32, 33[1]; Reply, ECF No. 36.) For the following reasons, the Court **GRANTS** Ritz-Carlton's Motion.[2]

---

[1] On June 7, 2022, one day after Guevara's deadline to oppose Ritz-Carlton's Motion, Guevara filed a (1) Request for Leave to Respond Out of Time and Response to Defendant's Motion to Dismiss and its Memorandum of Points and Authorities, (Req. for Leave to Respond, ECF No. 32), and (2) Brief in Support to its Response to Defendant's Motion to Dismiss, (Br. ISO Resp., ECF No. 33) (together, "Opposition" or "Opp'n"). The Court granted Guevara's request to file an opposition.

## II. BACKGROUND

Ritz-Carlton operates a hotel in Los Angeles, California. (FAC ¶ 9.) From approximately June 4, 2012, to March 5, 2021, Guevara worked for Ritz-Carlton as a bell stand attendant. (*Id.* ¶ 13.)

Guevara alleges that, beginning in May 2020, Ritz-Carlton incorrectly regarded Guevara "as disabled with a contagious disease" and impaired immune and respiratory systems. (*Id.* ¶¶ 33, 44.) Guevara further alleges that, as a result, Ritz-Carlton imposed unwanted "accommodations" on Guevara that were "specifically implemented for the purpose of mitigating [Guevara's perceived disability]." (*Id.* ¶ 34.) These alleged accommodations included requiring Guevara to wear a mask and submit to temperature checks. (Aff. ISO FAC ("Guevara Aff.") ¶ 9, ECF No. 22.)

At the same time, Guevara alleges that the accommodations that Ritz-Carlton imposed on him were Ritz-Carlton's policies for preventing the spread of COVID-19. (*See* FAC ¶¶ 53 (referring to Ritz-Carlton's "COVID-19 mitigation measures ('accommodations')"), 73 (referring to Ritz-Carlton's "accommodations ('Covid policies and procedures')").) Moreover, Guevara submits documents with the Amended Complaint that state that these policies applied to all Ritz-Carlton employees. (*See, e.g.*, Guevara Aff., Ex. A 14 of 31[3] ("All employees, contractors and vendors are required to participate in a . . . temperature check prior to entering the building."), 15 of 31 ("The hotel will provide employees with a facemask which you are required to wear while at work . . . .").) Thus, Guevara alleges that by requiring him to comply with COVID-19 policies and procedures, Ritz-Carlton imposed unwanted and discriminatory accommodations on him. (*See generally* FAC; Guevara Aff.)

---

(Min. Order, ECF No. 34.) Guevara makes arguments in opposition to the Motion in both his request and brief. (*See generally* Opp'n.)

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[3] When citing Guevara's exhibits, the Court cites the pagination found in the CM/ECF header.

2

Guevara alleges that, when he objected to the "accommodations," Ritz–Carlton retaliated against Guevara, ultimately terminating Guevara's employment. (FAC ¶¶ 18, 21, 69, 74.)

On December 17, 2021, Guevara filed the Complaint, (Compl., ECF No. 1), which Ritz-Carlton moved to dismiss, (Mot. Dismiss Compl., ECF No. 15). Following an extension from the Court to file an amended pleading, Guevara filed the Amended Complaint, in which he asserts two causes of action pursuant to Title I of the ADA: (1) disability discrimination; and (2) retaliation.[4] (Min. Order, ECF No. 21; FAC ¶¶ 41–84.) Ritz-Carlton now moves to dismiss Guevara's Amended Complaint. (Mot.)

### III.     LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy "the minimal notice pleading requirements of Rule 8(a)(2)"—"a short and plain statement of the claim." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to this standard, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the

---

[4] Although Guevara titled the second cause of action "Interference/Retaliation under the ADA-AA," (*see* FAC, Count II), Guevara clarified in the Opposition that the second cause of action is for retaliation alone, (*see* Req. for Leave to Respond 1–2 (explaining that, "[e]ven though[] the word 'interference' is used in the title of the count, it is in fact solely for retaliation")).

pleadings and "must construe all factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). However, a court need not blindly accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, there must be sufficient factual allegations "to give fair notice and to enable the opposing party to defend itself effectively," and the "allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Although pro se pleadings are to be construed liberally, plaintiffs are "not excused from knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000); *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (construing pro se inmate's civil rights complaint liberally). A court may not "supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). A liberal reading cannot cure the absence of such facts. *Ivey v. Bd. of Regents of Univ. Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## IV. EVIDENTIARY MATTERS

In the Amended Complaint, Guevara incorporates by reference a concurrently-filed Affidavit in Support of Complaint and attached exhibits. (FAC ¶¶ 40–41, 68; Guevara Aff.) When ruling on a Rule 12(b)(6) motion, "[a] court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting [a] motion to dismiss into a motion for summary judgment." *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Here, Ritz-Carlton agrees that the Court may consider the materials that Guevara incorporates by reference into the

Amended Complaint. (*See* Mot. 6.) Accordingly, in resolving Ritz-Carlton's Motion, the Court considers the affidavit and attached exhibits that Guevara submits with the Amended Complaint.

Separately, a month later, Guevara filed a "Notice" stating that he "filed an incorrect exhibit . . . and is sending the correct [exhibit]." (Notice, ECF No. 27.) However, Guevara did not identify the underlying filing to which the Notice relates. (*See id.*) Accordingly, the Court **STRIKES** Guevara's Notice and does not consider it here.

Finally, Ritz-Carlton asks the Court to take judicial notice of several documents, including letters from the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment & Housing ("DFEH"), the DFEH complaint intake form, and documents filed in other cases. (Req. Judicial Notice ("RJN"), ECF No. 26-2; Suppl. Req. Judicial Notice ("Suppl. RJN"), ECF No. 37.) Because the Court need not rely on these documents to resolve Ritz-Carlton's Motion, the Court **DENIES** Ritz-Carlton's requests for judicial notice.

## V. DISCUSSION

Title I of the ADA prohibits an employer from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). As a threshold matter, to bring an action under Title I of the ADA in court, a plaintiff must first exhaust their administrative remedies. 42 U.S.C. § 12117(a) (incorporating exhaustion requirement from Title VII of the Civil Rights Act of 1964); *Zimmerman v. Oregon Dep't of Just.*, 170 F.3d 1169, 1172 (9th Cir. 1999) ("Title I [of the ADA] requires an employee first to file a charge with the EEOC in a timely manner."). To do so, an aggrieved individual must file a claim with the EEOC within 180 days of the alleged unlawful employment action, or within 300 days if the individual first files a claim with an authorized state agency. *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019) (analyzing exhaustion requirement under Title VII of the Civil Rights Act of 1964). This exhaustion requirement is a "mandatory claim-processing rule," and "a

court must enforce [it] if a party properly raises it." *See id.* at 1849–51 (internal quotation marks and alterations omitted).

Here, Ritz-Carlton argues that Guevara's claims "must be dismissed because he does not plausibly allege that he timely exhausted his administrative remedies." (Mot. 6.) Because Guevara alleges that he was terminated by Ritz-Carlton on March 5, 2021, (FAC ¶¶ 13, 74), he was required to file a claim with the EEOC or an authorized state agency by December 30, 2021, to timely exhaust his administrative remedies, *see* 42 U.S.C. § 12117(a); *see also Fort Bend Cnty.*, 139 S. Ct. at 1846.

The Amended Complaint contains no allegations regarding when Guevara allegedly filed a claim to exhaust his administrative remedies. (*See generally* FAC; Guevara Aff.) Rather, the Amended Complaint contains only the bare allegations that Guevara "filed a charge of Discrimination against the Defendant with [DFEH]" and "exhausted the administrative remedies available to him." (FAC ¶¶ 5–6.) These conclusory allegations are insufficient to demonstrate that Guevara timely exhausted his administrative remedies and, thus, fail to satisfy the minimum pleading requirements of Rule 8. *See Twombly*, 550 U.S. at 555; *see also Sanders-Hollis v. Health & Hum. Servs. Agency*, No. 2:19-cv-00092-KJM-DB, 2020 WL 3642563, at *1 (E.D. Cal. July 6, 2020) (finding allegation that plaintiff "received Right to Sue letters . . . and has thus exhausted all necessary administrative remedies" insufficient).

Furthermore, although Guevara alleges that he received a Right to Sue letter from DFEH, that allegation is contradicted by the documents that Guevara submits with the Amended Complaint. (*See* FAC ¶ 5; Guevara Aff., Ex. A 7–9 of 31.) Guevara alleges that "on or about April 1, 2022, the DFEH issued [him] a Right to Sue against Defendant with regards to this matter." (FAC ¶ 5.) Guevara further alleges that the Right to Sue letter is "attached as Exhibit A-1." (*Id.*) However, the document to which Guevara refers states on its face that "[t]his document does not constitute proof of filing of a Right to Sue form with the DFEH," (Guevara Aff., Ex. A 9 of 31), and directs the filer to "[c]omplete the submission process within

30 days to initiate DFEH review," (*id.* at 7 of 31). The Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Sprewell*, 266 F.3d at 990 (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998)). Thus, because Guevara's allegation that he received a Right to Sue letter from DFEH is directly contradicted by the document that he alleges is that letter, the Court does not accept Guevara's allegation as true.

In light of Guevara's conclusory allegations and the presence of contradictory documents, the Court finds that Guevara fails to plausibly allege that he timely exhausted his administrative remedies before bringing this action. Accordingly, the Court **GRANTS** Ritz-Carlton's Motion **with leave to amend** to correct this deficiency.[5]

## VI. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Ritz-Carlton's Motion to Dismiss, (ECF No. 26), **with leave to amend** the Amended Complaint. If Guevara chooses to file a Second Amended Complaint, he must do so within **twenty-one (21) days** of the date of this Order, in which case Ritz-Carlton shall answer or otherwise respond no later than **fourteen (14) days** from the date the Second Amended Complaint is filed. If Guevara chooses not to amend, his claims shall be deemed dismissed with prejudice and the case shall be closed.

Guevara is advised that the Federal Pro Se Clinic offers free guidance to individuals representing themselves in federal civil actions. The Los Angeles Clinic operates only by appointment, which may be made by calling (213) 385-2977, Ext. 270 or by visiting http://prose.cacd.uscourts.gov/los-angeles. Clinic staff can respond to many questions with a telephonic appointment or by email. In-person appointments may be available at the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012. The Court

---

[5] Because Guevara's allegations are insufficient to satisfy the threshold issue of exhaustion, the Court does not reach Ritz-Carlton's other arguments as to why the Court should dismiss Guevara's claims. (*See* Mot. 10–19.)

encourages Guevara to visit the Clinic or otherwise consult with an attorney prior to filing a Second Amended Complaint.

**IT IS SO ORDERED.**

November 10, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**