O
JS-6

# United States District Court
# Central District of California

MANUEL GUEVARA,

    Plaintiff,

    v.

THE RITZ-CARLTON HOTEL COMPANY, LLC,

    Defendant.

Case № 2:21-cv-09792-ODW (MARx)

**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT [42]**

## I. INTRODUCTION

Plaintiff Manuel Guevara, proceeding pro se, brings suit against Defendant the Ritz-Carlton Hotel Company, LLC ("Ritz-Carlton") for alleged violations of the Americans with Disabilities Act ("ADA"). (*See* Second Am. Compl. ("SAC"), ECF No. 41.) Ritz-Carlton now moves to dismiss Guevara's Second Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot. Dismiss SAC ("Motion" or "Mot."), ECF No. 42.) The Motion is fully briefed. (Opp'n, ECF No. 46; Reply, ECF No. 45.) For the following reasons, the Court **GRANTS** Ritz-Carlton's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Ritz-Carlton operates a hotel in Los Angeles, California. (SAC ¶ 2.) From June 4, 2012, to March 5, 2021, Guevara worked for Ritz-Carlton as a bell stand attendant. (Aff. ISO SAC ("Guevara Aff."),[2] Ex. A at 41 of 61,[3] ECF No. 41.)

Beginning in 2020, Ritz-Carlton adopted a "Covid-19 Policy" to prevent the spread of Covid-19, which Ritz-Carlton described as a deadly, contagious disease. (SAC ¶¶ 10–11.) Guevara alleges that, by way of its Covid-19 Policy, Ritz-Carlton regarded all employees, including Guevara, "as disabled with a contagious disease with an impaired immune system." (*Id.* ¶¶ 19, 79.) Guevara further alleges that, as part of the Covid-19 Policy, Ritz-Carlton imposed accommodations on its employees, without considering individualized medical assessments of each employee. (*Id.* ¶¶ 10, 12.) These alleged accommodations consisted of mitigation measures developed by the Center for Disease Control and Prevention ("CDC") and included requirements that employees wear masks, submit to temperature checks and medical examinations, disclose vital statistics, and practice isolation and segregation. (*Id.* ¶¶ 10, 13, 36.)

Guevara alleges that Ritz-Carlton discriminated against him by requiring him to comply with its Covid-19 Policy. (*Id.* ¶¶ 50–84.) Guevara further alleges that, when he did not comply with Ritz-Carlton's accommodations, Ritz-Carlton retaliated against him, ultimately terminating his employment. (*Id.* ¶¶ 148–80.)

On December 17, 2021, Guevara filed the Complaint, (Compl., ECF No. 1), which Ritz-Carlton moved to dismiss, (Mot. Dismiss Compl., ECF No. 15). Following an extension from the Court to file an amended pleading, (Min. Order, ECF No. 21), Guevara filed the First Amended Complaint, asserting two causes of action

---

[2] With the Second Amended Complaint, Guevara submits an Affidavit in Support of Complaint and attached exhibits. (Guevara Aff., Exs. A, B, ECF No. 41.) When ruling on a Rule 12(b)(6) motion, "[a] court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting [a] motion to dismiss into a motion for summary judgment." *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Accordingly, in resolving Ritz-Carlton's Motion, the Court considers the affidavit and attached exhibits that Guevara submits with the Second Amended Complaint.

[3] When citing Guevara's exhibits, the Court cites the pagination found in the CM/ECF header.

pursuant to Title I of the ADA, (First Am. Compl. ("FAC"), ECF Nos. 22–23). After Ritz-Carlton moved to dismiss the First Amended Complaint, the Court found that Guevara failed to plausibly allege that he timely exhausted his administrative remedies before bringing this action. (Order Granting Mot. Dismiss FAC 7, ECF No. 40.) The Court provided Guevara with leave to amend to correct this deficiency. (*Id.*)

Guevara then filed the Second Amended Complaint, again asserting two causes of action pursuant to Title I of the ADA: (1) disability discrimination; and (2) retaliation. (*See* SAC ¶¶ 50–180.) Ritz-Carlton again moves to dismiss Guevara's claims on the basis that Guevara failed to timely exhaust his administrative remedies and, even if Guevara had timely exhausted his administrative remedies, he fails to allege the essential elements of his claims for relief. (*See generally* Mot.)

### III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy "the minimal notice pleading requirements of Rule 8(a)(2)"—"a short and plain statement of the claim." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to this standard, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and "must construe all factual allegations set forth in the complaint . . . as

true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). However, a court need not blindly accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, there must be sufficient factual allegations "to give fair notice and to enable the opposing party to defend itself effectively," and the "allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Although pro se pleadings are to be construed liberally, pro se litigants are "not excused from knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000); *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (construing pro se inmate's civil rights complaint liberally). A court may not "supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). A liberal reading cannot cure the absence of such facts. *Ivey v. Bd. of Regents of Univ. Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## IV.    DISCUSSION

Ritz-Carlton moves to dismiss Guevara's claims on the grounds that Guevara did not timely exhaust his administrative remedies and he otherwise fails to allege the essential elements of his claims for relief. (Mot. 7–18) In response, Guevara argues that he exhausted his administrative remedies and that the California Department of Fair Employment & Housing ("DFEH") would not have issued him a right to sue letter if his claim was untimely. (Opp'n 2–3.) Guevara further argues that he sufficiently alleges his claims. (*Id.* at 3–7.)

### A. Exhaustion

Title I of the ADA prohibits an employer from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). As a threshold matter, to bring an action under Title I of the ADA in court, a plaintiff must first exhaust their administrative remedies. 42 U.S.C. § 12117(a) (incorporating exhaustion requirement from Title VII of the Civil Rights Act of 1964); *Zimmerman v. Oregon Dep't of Just.*, 170 F.3d 1169, 1172 (9th Cir. 1999) ("Title I [of the ADA] requires an employee first to file a charge with the EEOC in a timely manner."). To do so, an aggrieved individual must file a claim with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unlawful employment action, or within 300 days if the individual first files a claim with an authorized state agency. *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1846 (2019) (analyzing exhaustion requirement under Title VII of the Civil Rights Act of 1964). This exhaustion requirement is a "mandatory claim-processing rule," and "a court must enforce [it] if a party properly raises it." *See id.* at 1849–51 (internal quotation marks and alterations omitted).

Here, because Guevara alleges that he was terminated by Ritz-Carlton on March 5, 2021, (SAC ¶ 48), he was required to file a claim with the EEOC by September 1, 2021, or an authorized state agency, such as the DFEH, by December 30, 2021, to timely exhaust his administrative remedies before bringing a legal action in court, *see* 42 U.S.C. § 12117(a); *see also Fort Bend County*, 139 S. Ct. at 1846. However, Guevara fails to allege that he timely filed a claim with the EEOC or an authorized state agency. Rather, Guevara alleges that it was not until March 28, 2022, that he filed a discrimination claim against Ritz-Carlton with the DFEH. (SAC ¶ 5.) This is well beyond 300 days after Ritz-Carlton terminated Guevara. Further, by this date, Guevara had already filed the Complaint in this matter. (Compl.) Thus, Guevara's March 2022 DFEH claim could not possibly exhaust his administrative remedies for the causes of action alleged in this litigation. For these reasons, Guevara

cannot rely on his March 2022 DFEH claim to show that he timely exhausted his administrative remedies. *See* 42 U.S.C. § 12117(a); *see also Fort Bend County*, 139 S. Ct. at 1846.

Unsupported by any authority, Guevara argues that the DFEH would not have issued him a right to sue letter if his claim was untimely. (Opp'n 2–3.) This argument is unpersuasive. In the DFEH correspondence advising Guevara of his right to sue, the DFEH also advised Guevara "that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements." (Guevara Aff., Ex. A at 35 of 61.) In doing so, the DFEH expressly stated that it did not review Guevara's DFEH claim or confirm whether Guevara met any procedural or statutory requirements to bring his claim. Thus, Guevara's right to sue letter does not demonstrate that he met the requirement to timely exhaust his administrative remedies before filing the Complaint.

Accordingly, because the Court finds that Guevara fails to allege that he timely exhausted his administrative remedies before initiating this action, the Court **GRANTS** Ritz-Carlton's Motion.[4]

### B. Leave to Amend

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). "[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Zucco*

---

[4] Because Guevara's allegations are insufficient to satisfy the threshold issue of exhaustion, the Court does not reach Ritz-Carlton's other arguments as to why the Court should dismiss Guevara's claims. (*See* Mot. 9–18.)

*Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotation marks omitted).

        Here, the Court concludes that leave to amend is not warranted. After finding that Guevara failed to plausibly allege that he timely exhausted his administrative remedies in the First Amended Complaint, the Court provided Guevara an opportunity to amend his pleadings to correct this deficiency. (Order Granting Mot. Dismiss FAC 5–7.) However, as explained above, Guevara fails to allege timely exhaustion of his administrative remedies in the Second Amended Complaint. Given Guevara's previous opportunity to cure this deficiency, Guevara's failure to plead sufficient facts in the Second Amended Complaint indicates that further amendment would be futile. *See Zucco Partners*, 552 F.3d at 1007 (finding failure to cure pleading deficiencies is "strong indication that the plaintiffs have no additional facts to plead").

### V. CONCLUSION

        For the reasons discussed above, the Court **GRANTS** Ritz-Carlton's Motion to Dismiss Guevara's Second Amended Complaint **without leave to amend**. (ECF No. 42.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

Feburary 1, 2023

                                              _____
                                       **OTIS D. WRIGHT, II**
                             **UNITED STATES DISTRICT JUDGE**